Bernard **CHANON**, Administrator and Personal Representative of the Estates of William Lewis Carter and Marvin Leroy Hull, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 73–1505**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 2, 1973.

---

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I, (5th Cir. 1970).

barred by the Federal Tort Claims Act, 28 U.S.C.A. § 2680(h), we find it unnecessary to address those legal defenses.

The judgment for the Government must be affirmed because the District Court was not clearly erroneous in finding as a matter of fact that no Government employee was guilty of any negligent act or omission, and that the activity of the Government did not constitute a proximate cause of the accident.

Affirmed.

Sidney Ravkind, Houston, Tex., for plaintiff-appellant.

Jack Shepherd, Chief, Asst. U. S. Atty., Anthony J. P. Farris, U. S. Atty., Charles B. Wolfe, Asst. U. S. Atty., Houston, Tex., Alfred H. O. Boudreau, Jr., Admiralty & Shipping Dept., Dept. of Justice, Washington, D. C., Kathryn H. Baldwin, Karen K. Siegel, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

This suit was brought by the administrator of the estates of two men who died when their shrimp vessel was lost in a fierce storm which struck the Galveston area in 1969. The cause of action was predicated on the failure of the United States Government, through its various agencies, to disseminate, for broadcast, weather information.

Although the Government asserts that liability to individuals is precluded because the activity of the weather service in forecasting and disseminating weather information involves a duty running only to the public generally, and alternatively because the claims are based on negligent misrepresentation expressly